ASA  TURNER  *vs.*  ROBERT  A.  FRIEND.

*Writ — service of.   Writ — amendment of.*

A writ against the master of a vessel to recover the penalty provided in Public
Laws of 1869, c. 36, for the unlawful use of a seine for the taking of menha-
den or porgies, directing an attachment of the vessel and seine, may, after
the attachment of such vessel and seine, be served upon the defendant by a
separate summons.
Such a writ is a writ of attachment, and it may be amended upon such terms as
the presiding judge deems proper, by adding a direction that the "goods or
estate of" the defendant be attached.

ON REPORT.

DEBT, brought under Public Laws of 1869, c. 36, §§ 3 and 4, to
recover the penalty provided in § 1, of the same chapter.

The writ, dated July 22, 1869, directed the officer " to attach
schooner ' Union' of Brooklin, whereof Robert A. Friend is now
master, with her tackle, apparel, and furniture, and two seine-boats,
and two carry-away boats, so called, and one porgy seine used with
said schooner ' Union' in taking porgies, . . . and summon Robert
A. Friend," etc.

The officer's return, dated July 26, 1869, recited that he, that
day, " attached one schooner, called the ' Union,' of Brooklin,
with her tackle, apparel, and furniture, and two seine-boats and
one carry-away boat and one porgie seine," and that on the same
day he " gave in hand to R. A. Friend, master of schooner ' Union',
a summons for his appearance at court."

On the second day of the return term, the defendant filed a
motion to quash the writ for defective service.

The plaintiff filed a motion for leave to amend his writ by adding
in the direction thereof, after the word " attach," the following
words : " the goods or estate of Robert A. Friend, and."

If the service were insufficient, and by amendments, if granted,
it could not be made sufficient, a nonsuit to be entered; otherwise
the case to stand for trial.

*C. J. Abbott,* for the plaintiff, upon the sufficiency of the original form of the writ and service, cited *Cleaves* v. *Jordan,* 34 Maine, 9; R. S. of 1857, c. 81, § 13; Public Laws of 1869, c. 36, § 1. On the allowance of the amendment. *Mitchell* v. *Tibbetts,* 17 Pick. 298; *Thornton* v. *Townsend,* 39 Maine, 181; *Harvey* v. *Cutts,* 51 Maine, 604; *Solon* v. *Perry,* 54 Maine, 493; *McIniffe* v. *Wheelock,* 1 Gray, 600; *Pullen* v. *Hutchinson,* 25 Maine, 249; *Ames* v. *Weston,* 16 Maine, 266; *Convers* v. *Damariscotta Bank* 15 Maine, 431.

*E. Hale & L. A. Emery,* for the defendant.

The writ is an original summons, without any order to attach the property of Friend; and should be served by reading or copy. R. S. of 1857, c. 81 § 16; *Matthews* v. *Blossom,* 15 Maine, 400.

The property attached was under the process *in rem.*

The proposed amendment would not cure the whole deficiency. While it may change the form of the writ, so that a service by attaching the property of the defendant and leaving a separate summons would be legal, yet no such service has been made. The return shows no attachment of the defendant's property. An attachment is necessary. *Blanchard* v. *Day,* 31 Maine, 494. The officer's return being conclusive, the statute is satisfied.

The court cannot amend an officer's return. The officer alone can amend his return. But in this case he has not asked for leave. His service was according to the direction. He could not make a nominal attachment, even, without the proper direction.

The amendment can be allowed only on terms. *Matthews* v. *Blossom, sup.*

DANFORTH, J. Motion to abate the writ for want of service. The action is against the defendant, and the officer, by direction of the writ, has attached the property upon which the plaintiff claims, by virtue of the act of 1869, c. 36, § 3, to have a lien to secure his judgment, and gave the defendant a summons. R. S. 1857, c. 81, § 15, provides that, "When goods or estate are attached on

either of said writs, a separate summons . . . shall be delivered to the defendant," etc. A fair construction of this language does not require that the property attached should belong to the defendant. It is sufficient if the property is such as the law makes liable to be levied upon to satisfy any judgment that may be recovered.

This brings the service in this case directly within the terms of the statute. It is not unlike the common case of a suit to enforce a mechanic's lien, when by direction of the writ the special property upon which the lien exists is attached, though it may not belong to the defendant, and which has always been held sufficient to authorize notice by a separate summons.

But if this were not so the writ is clearly amendable as proposed in plaintiff's motion. *Matthews* v. *Blossom,* 15 Maine, 400. Such an amendment would not even change the form of the writ. It is now a writ of attachment, and the case finds that a portion of the property attached belonged to the defendant. The insertion of the words proposed, will make the writ of the usual form, and it will then appear that the property of the defendant is attached without any change in the officer's return. The amendment can be allowed on such terms as the presiding justice at *nisi prius* may deem proper. *Action to stand for trial.*

APPLETON, C. J.; KENT, WALTON, and DICKERSON, JJ., concurred.